IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | * | |
| KEVIN MARC BLUMBERG | | Case No. 10-26574-NVA |
| | * | |
| | | Chapter 7 |
| | * | |
| Debtor | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION**

Charles R. Goldstein, Chapter 7 Trustee ("Trustee") of the estate of Kevin Marc Blumberg ("Debtor"), pursuant to Fed. R. Bankr.P. 4003(b), files this objection to all exemptions claimed by the debtor in the above-captioned case (the "Objection"). In support of the Objection, the Trustee states as follows:

NOTICE TO DEBTOR

**THE TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION REQUESTS THAT THE COURT DISALLOW YOUR CLAIMS OF THE EXEMPT PROPERTY. PURSUANT TO LOCAL BANKRUPTCY RULE 4003-1, YOU ARE HEREBY ADVISED THAT (1) ANY OPOSITION TO THE TRUSTEE'S OBJECTION MUST BE FILED AND SERVED WITHIN THIRTY (30) DAYS AFTER THE OBJECTION AND ANY RESPONSE THERETO WITHOUT A HEARING. A COPY OF YOUR OPPOSITION, IF ANY, MUST BE SERVED UPON THE OFFICE OF THE CLERK, UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND, 8TH FLOOR, 101 WEST LOMBARD STREET, BALTIMORE, MARYLAND 21201, AS WELL AS THE TRUSTEE AT THE ADDRESS INDICATED HEREIN.**

**Background**

1. On or about July 23, 2010, the Debtors filed a Voluntary Petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code.

2. Charles R. Goldstein was appointed Interim Trustee by the United States Trustee for Region Four. He has accepted that appointment, has qualified and is acting in that capacity.

3. The Chapter 7 section 341 meeting of creditors (the "341 meeting") was held on September 1, 2010. The 341 meeting of creditors was continued and has not been concluded.

4. The Debtor is a resident of the State of Maryland. Upon information and belief, the Debtor was a resident of the State of Maryland for the 730 days prior to the filing of the petition.

5. At the 341 meeting of creditors the Trustee noted on the record that the Debtor was to provide documentation regarding scheduled real property including payoff statement for any liens, scheduled vehicles including titles and payoff statements of liens, and unscheduled business interest that were disclosed at the 341 meeting.

6. Immediately after the 341 meeting of creditors the Trustee notified Debtor's counsel that an amended schedule B would be required, listing all the Debtor's property; specifically to include the business interests disclosed at the 341 meeting and also that Debtor's Schedule C contained misleading claims of exemption.

7. Debtor's counsel stated in numerous telephone conversations with Trustee's staff that he would amend and correct the schedules, and direct the Debtor to turnover non-exempt property to the Trustee, however; to date he has not done

so. The Trustee's staff confirmed these conversations in emails repeatedly requesting amended schedules.

8. The Trustee has given the Debtor more than reasonable amount of time to amend and correct his schedules.

## Objections

9. The Trustee believes the Debtor's Schedule C is defective and misleading and should be disallowed entirely. The Debtor's schedules are misleading and incorrect in that the Debtor scheduled cash of $50.00 on Schedule B and claims an exemption of $250 of cash on Schedule C. In addition, the Debtor schedules his 2008 Highlander on Schedule B and C as valued at $17,000 and yet on Schedule D it is valued at $18,000.

10. The Debtor attempted to exempt the $250 cash as the Md.Cts & Jud. Proc.Code 88A section 73 applies to payments made for public assistance, which is clearly not correct and should be disallowed.

11. The Debtor attempted to exempt $6,000 of personal items without providing sufficient information for the Trustee to evaluate the appropriateness of this exemption. Therefore, the exemption should be disallowed.

12. The Debtor attempted to exempt $7,200 of personal property pursuant to Maryland Courts & Judicial Procedure Code section 11-504(f). However, that section provides the Debtor with an exemption of up to $5,000 in value in real property or personal property. The Debtor's schedules claim $7,200 of value under that section being $300 of wearing apparel, $1,400 of value in his Toyota Prius and $5,500 in the Highlander. Therefore, the exemption should be disallowed.

13. The Debtor attempted to exempt $10,200 of personal property pursuant to Maryland Courts & Judicial Procedure Code section 11-504(h) which provides the Debtor with an exemption for interest in a retirement plan. The

Debtor's schedules claim $10,200 of value in his Toyota Prius and $50 of value in a laptop under that section. This claim of exemption is clearly erroneous and improper under the section referenced by the Debtor and should be disallowed.

14. The Debtor attempts to assert an exemption for two mortgages scheduled with unknown values and unknown exemption values pursuant to Maryland Courts & Judicial Procedure Code section 11-504(b)(2) which provides the Debtor with an exemption for money payable in event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This claim of exemption is again clearly erroneous and improper under the section referenced by the Debtor and should be disallowed.

15. The Trustee believes this Objection is timely made as the meeting of creditors has not been concluded.

16. Pursuant to Bankruptcy Rule 4003(c) the Trustee believes he has met his burden of proof that the Debtor has improperly claimed exemptions for which he is not entitled.

17. The Trustee believes Debtor's entire claim of exemption is without basis and the entire schedule should be stricken by this Court.

18. As required by Local Bankruptcy Rule 9013-2, the Trustee hereby states that no memorandum will be filed and that he will rely solely upon this Objection.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests the following relief:

A. That the Trustee's Objection to Debtor's Claim of Exemption be sustained; and

B. Debtor's Schedule C filed July 23, 2010 be stricken in its entirety; and

      C.        That the Trustee be granted such other and further relief as is just and equitable.

                                      Respectfully Submitted,
                                      Chapter 7 Trustee

Dated: October 11, 2009             <u>/S/Charles Goldstein</u>
                                      Charles R. Goldstein, Chapter 7 Trustee
                                      1 East Pratt Street, Suite 800
                                      Baltimore, MD 21202
                                      Ph: (410) 454-6830
                                      Fax: (410) 454-6801
                                      md-bank@protiviti.com